IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE CO. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| CNA FINANCIAL CORPORATION, CONTINENTAL ASSURANCE CO., VALLEY FORGE LIFE INSURANCE CO., KENNETH D. KEATING | * * * * | Civil Action No. AMD-020CV-2317 |
| | * | |
| Defendants | * | |

FILED _____ ENTERED _____
_____ LODGED _____ RECEIVED

NOV 0 5 2002

AT BALTIMORE
CLERK U.S. DISTRICT COURT,
DISTRICT OF MARYLAND
BY _____ DEPUTY

STIPULATED ORDER REGARDING CONFIDENTIALITY
OF DISCOVERY MATERIAL

WHEREAS, Plaintiff Fidelity and Guaranty Life Insurance Co. (hereinafter "Plaintiff" or "F&G Life") and Defendants CNA Financial Corporation, Continental Assurance Co., Valley Forge Life Insurance Co., (together, the "Corporate Defendants") and Kenneth Keating (together, hereinafter "Defendants") recognize and acknowledge that the proceedings in this action may require the disclosure and production of information and documents of a confidential and proprietary nature, the following Consent Protective Order and Joint Motion to Seal Portions of the Court Record is hereby entered pursuant to Local Rules 104.13 and Local Rule 105.11, F. R. Civ. P. 26(c). In support of the Consent Protective Order and Joint Motion to Seal Portions of the Court Record, the parties states as follows:

1. This Protective Order shall apply to the "Confidential Separation Agreement" executed between F&G Life and Defendant CNA's employee Tony Wilkey as Paragraph D of that Agreement prohibits either party from disclosing the contents of the Agreement to any

SHAWE
&
ROSENTHAL, LLP
BALTIMORE, MD

third parties. This Protective Order shall also apply to certain designated confidential business information as contemplated by Federal Rules of Civil Procedure 26(c)(7) of Plaintiff F&G Life as well as the Defendants. This Protective Order shall further apply to all copies, extracts, and summaries prepared or derived from such information and documents, including those portions of pleadings, briefs, memoranda, and any other writings filed with the Court referring thereto. All information and documents to which this Protective Order applies shall be referred to as "confidential information."

2. Pursuant to Federal Rules of Civil Procedure 26(c)(7), and except as provided herein, the designated "confidential information" shall not be used for any purposes by the party that receives them, or on his or its behalf, other than in connection with this litigation and shall not be disclosed to any other person or entity by such party or his or its counsel.

3. Other than the Court and its Officers, "Confidential Information" shall be made available only to "qualified persons," as defined below, who have read this Protective Order and who agree in writing to be bound by its terms, by executing the form attached hereto as "Exhibit A." "Qualified persons," as used herein, shall consist of the representatives of the parties to this action, who actually assist counsel in the conduct of this action as well as counsel of record, including other attorneys in the firm, law clerks, paralegals, administrative staff and investigators. All such "qualified persons" shall be informed by counsel of record of the provisions of this Protective Order and shall agree to be bound thereby prior to receiving any covered "confidential information."

4. Any person to whom any of the "confidential information" is disclosed shall, prior to such disclosure, agree in writing, in the form attached hereto as Exhibit "A", to be

SHAWE & ROSENTHAL, LLP
BALTIMORE, MD

bound by the terms of this Agreement. Counsel by whom confidential documents are so disclosed will retain any such signed statement and, shall promptly make it available for inspection by opposing counsel upon request.

5. Any independent expert retained by any party may be included as a "qualified person" if he or she has executed the certification form ("Exhibit A") that he or she has read this Protective Order and agrees to be bound by its terms and conditions. An executed original of that certification shall be filed with the Court and copies furnished to all counsel of record before such persons are given access to "confidential information."

6. Nothing contained in this Protective Order shall prevent the use of "confidential information" in connection with depositions, hearings, or trial, with the following safeguards: a portions of the transcripts of such proceedings, including exhibits, which refer or relate to such "confidential information" shall be treated as confidential, and the party introducing such "confidential information" shall make arrangements with the court reporter within ten business days after receipt of the deposition transcript to bind the confidential portion of the transcripts and exhibits separately and label it "confidential information." In addition, witnesses will be advised, as appropriate, that pursuant to this Protective Order, they may not divulge any such "confidential information" except to "qualified persons" as defined herein.

7. The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "Confidential - Subject to Protective Order." Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or

contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

8. Confidentiality Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous motion pursuant to L.R. 104.13 (c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Paragraph 15 of this Confidentiality Order.

9. Whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the court record under

seal, the party making such filing must simultaneously submit a motion and accompanying order which includes (a) proposed reasons supported by specific factual representations to justify the sealing; (b) an explanation why alternatives to sealing would not provide sufficient protection. See <u>Ashcraft v. Conoco</u>, 218 F.3d 288, 302-303 (4th Cir. 2000); <u>Stone v. University of Maryland Medical System Corp.</u>, 855 F.2d 178, 181 (4th Cir. 1988); <u>Rushford v. New Yorker Magazine, Inc.</u> 846 F.2d 249, 253-54 (4th Cir. 1988); <u>In Re Knight Publishing Co.</u>, 743 F.2d 231, 235 (4th Cir. 1984); <u>M.P. v. Schwartz</u>, 853 F. Supp. 164 (D. Md. 1994); and (c) a provision permitting the clerk to return to counsel or destroy any sealed material at the end of the litigation.

10. Counsel for each party shall maintain a list of all persons to whom such counsel has disclosed or exhibited any "confidential information" and the lists shall be available for inspection by counsel for the other parties.

11. Except when filed with the Court or when being used during a deposition, trial, or other court proceeding "confidential information" received from opposing counsel shall be maintained only in the offices of the receiving parties' counsel, Counsel are: Shawe & Rosenthal, LLP, counsel for Plaintiff, and Martin, Synder & Berstein, P.A. and Neal & Harwell, PLC, counsel for Defendants.

12. Return of Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

SHAWE
&
ROSENTHAL, LLP
BALTIMORE, MD

13. Neither this Protective Order nor the provision of any "confidential information" hereunder shall be construed as a waiver of any party's rights: (a) to object to any discovery request on the basis of confidentiality or privilege; (b) to object to the introduction of any "confidential information", as defined herein, as evidence at any hearing or trial in this matter; (c) to seek solely <u>in camera</u> review by the Court of certain information or documents sought to be kept confidential from the opposing party; (d) to seek other and further protections as to any "confidential information" that may be offered or admitted as evidence at any hearing or trial in this matter; and/or (e) to challenge a party's particular designations of confidentiality. Either party may challenge the designation of confidentiality consistent with the provisions of the Federal Rules of Civil Procedure and the Local Rules for this Court. The parties agree that they will make good faith attempts to resolve any dispute prior to filing any motion to challenge the designation of confidentiality.

14. <u>Party Seeking Greater Protection Must Obtain Further Order</u> - No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that provided for herein unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

15. <u>Challenging Designation of Confidentiality</u> - A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

16. Any party may apply to the Court for relief from or modification of any provision of this Protective Order. Any disputes concerning objections and other matters

SHAWE
&
ROSENTHAL, LLP
BALTIMORE, MD

falling within the scope of, or relating to the interpretation of, this Protective Order shall be submitted for ruling by this Court.

17. The parties agree to treat all "confidential information" in connection with any appeal in this action as similarly subject to the provisions of this Consent Protective Order.

Respectfully Submitted,

/s/
_____
Stephen Shawe
Patrick Pilachowski
SHAWE & ROSENTHAL, LLP
20 South Charles Street
Baltimore, Maryland 21201
(410) 752-1040

_____
Gregg Bernstein
Martin, Snyder & Bernstein, P.A.
217 East Redwood Street
Baltimore, MD 21201
(410) 547-7163

Ronald G. Harris, Esq.
Neal & Harwell, PLC
150 Fourth Avenue, North
Suite 2000
Nashville, TN 37219

Dated: _____

Dated: 25 October 2002

_____
Andre M. Davis, Judge for the U.S. District Court
11/5/2002

SHAWE
&
ROSENTHAL, LLP
BALTIMORE, MD

# EXHIBIT A

## AGREEMENT CONCERNING MATERIAL COVERED BY CONFIDENTIALITY STIPULATION

The undersigned hereby acknowledges that he (she) has been given a copy of and has read the Protective Order pertaining to the case of Fidelity and Guaranty Life Insurance Co. v. CNA Financial Corporation et. al. Civil Action AMD-02-CV-2317 in the United States District Court for the District of Maryland, understands the terms thereof, and agrees to be bound by such terms.

Dated: _____    _____
                                   Signature

doc. 9000 v 3