LAW OFFICES

SHAWE & ROSENTHAL, LLP
20 S. CHARLES STREET
BALTIMORE, MD 21201
410-752-1040
www.shawe.com

PATRICK M. PILACHOWSKI
pilachowski@shawe.com

FAX: 410-752-8861

April 2, 2003

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Ronald Harris, Esquire
Neal & Harwell
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2498

    Re:   *F & G Ins. Co. v. CNA, et al.*

Dear Mr. Harris:

    We are writing in reference to CNA's Response to Plaintiff's Second Request for Production of Documents.

    In its Responses to Request Nos. 1 and 2, Defendant asserts that the Requests are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Request Nos. 1 and 2 have been narrowly tailored to retrieve specific information relevant for this litigation. The Requests link communications between CNA and those MGAs that are relevant to this litigation, i.e., those who sell CNA's Maximizer and Maximizer products, which compete directly with Plaintiff's HomeCertain product.

    Defendant fails to establish how these Requests might be burdensome. It is the objecting party's burden to demonstrate the basis for a claim of burdensomeness. Likewise, Defendant's conclusory assertion that this request is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence is without foundation. The basis of Plaintiff's claim is that it is entitled to damages because Defendant Keating (and Respondent Wilkey in the AAA case) used Plaintiff's customers and confidential information to their own benefit and/or for the benefit of another employer, as well as breached their contractual restrictions on customer/client contacts. Thus, Plaintiff is entitled to discover

CONTINUATION

**SHAWE & ROSENTHAL, LLP**

April 2, 2003
Page 2

Defendant's sales or attempted sales activities to determine whether or not Defendant CNA has used and/or benefited by the use of Plaintiff's protected business information, in violation of agreements between it and Messrs. Keating and Wilkey.

In its Response to Request Number 3, Defendant claims that documents relating to the hiring of Gary Burke and Sean Gibbons are not relevant to this proceeding. Plaintiff is not obligated to accept Defendant's characterization of the responsive documents. Both of the named employees were employed by Plaintiff and were hired by Defendant, and communications potentially could show breach of Mr. Wilkey's agreement, or breach of other legal duties by either of the individual Defendants Keating and Wilkey.

Finally, Defendant asserted in its responses that it will provide certain documents responsive to Request Nos. 3, 4, 5, 7, 8, 10 and 11. Defendant produced certain documents the day before CNA's Corporate Designee deposition in Nashville and we are receiving them to ascertain which, if any, may be responsive. On March 10, 2003, Defendant produced what appears to be limited documentation relating to the hiring of Ken Keating, Amy Mullins and Julianne Hince (relating to Request Number 3). Documents produced relating to Mr. Keating include a résumé, but no cover letter, fax cover or email correspondence. Similarly, the documents produced relating to Ms. Mullins and Ms. Hince do not even contain a résumé. We are skeptical whether Mr. Keating became employed absent some type of communication between himself and Mr. Wilkey, and that, similarly, Ms. Mullins and Ms. Hince became employed absent communication between them and Mr. Keating and/or Mr. Wilkey.

If K0941 is supposed to be responsive to Request Number 6 (seeking information relating to start up costs for Maximizer), it needs to be broken down so that the response is actually responsive to the request. Please let us know when you will respond.

CONTINUATION
**SHAWE & ROSENTHAL, LLP**

April 2, 2003
Page 3

    I am assuming that documentation provided in Nashville labeled as "attorneys' eyes only/highly confidential" is meant to be responsive to Request Number 6. While we will save the "attorneys' eyes only" issue for another day, we nevertheless want to be clear if Defendant is asserting that these are the only responsive documents or if, on the other hand, these are the only documents Defendant is willing to provide, given its objections.

    Finally, we are still waiting for <u>all</u> documents that CNA indicated that it would provide. Defendant produced some but not all of those items it indicated that it would.

    Please do not hesitate to contact either of us should you wish to discuss this further.

    For those Responses 1, 2 and 3 that you indicated that you will not provide Responses to, we may be forced to file a motion to compel if your responses are not amended.

                                 Sincerely,

                                 SHAWE & ROSENTHAL, LLP

                                 Patrick M. Pilachowski

                                 Traci L. Burch

PMP:tlb

cc: Gregg Bernstein, Esquire

80007.1