Exhibit 2A

LAW OFFICES

SHAWE & ROSENTHAL, LLP

20 S. CHARLES STREET
BALTIMORE, MD 21201
410-752-1040
www.shawe.com

PATRICK M. PILACHOWSKI
pilachowski@shawe.com

FAX: 410-752-8861

May 22, 2003

### *VIA FACSIMILE AND FIRST-CLASS MAIL*

Ronald G. Harris, Esq.
Neal & Harwell, PLC
150 Fourth Avenue, North
Suite 2000
Nashville, TN 37219

  Re: *F&G Life v. Keating, et al.*

Dear Ron:

  This letter is an effort to resolve the dispute concerning CNA's Response to Plaintiff's Second Request for Production of Documents.

  Contrary to your assertion, Requests 1 and 2 are narrowly tailored to address the issues presented. The Requests are directed to the Maximizer and Maximizer Select products -- the only two products that are in competition with HomeCertain and Saver's Select. These Requests also are limited in scope to the relevant time frame.

  F&G has no obligation to accept your client's self-serving conclusion that the exercise of responding to the Requests "would likely yield few, if any documents relevant to this litigation."

  Wilkey's Confidential Separation Agreement (which we contend CNA interfered with) provides that Wilkey will not, for a period of 12 months, engage in direct or indirect solicitation of the delineated MGAs. Further, the Agreement provides that Wilkey may neither directly or indirectly use nor divulge F&G's confidential information without F&G's authorization. While CNA protests that our discovery request goes beyond documents limited to Wilkey and Keating, both agreements also apply to indirect actions that might be construed as solicitation of the MGAs at issue. Thus, F&G is entitled to documents that concern the MGAs listed in the Wilkey Agreement and CNA's two Maximizer products. The Requests do not need to specifically name Wilkey and Keating to be relevant to prohibited indirect solicitations.

  In an effort to resolve the dispute without involving the court, we shall further limit our Request as follows:

CONTINUATION
SHAWE & ROSENTHAL, LLP

May 22, 2003
Page 2

      (1)    change the time period to 2001 and 2002 only, and delete 2003. (We expect that 2001 should yield <u>nothing</u>, if CNA's documentary evidence is consistent with Defendants' testimonial evidence.)

      (2)    limit the MGAs and persons to:

          (a)    ACA or Gerald Policastro

          (b)    Affiliated Mortgage Protection

          (c)    Matt Goldberg

          (d)    Jim Lehmann

While your client has purportedly produced the personnel files of those employees for whom it did produce records, the Request relates to all documents related to hiring, not simply those in the personnel file. If you and your client are willing to indicate that no documents exist which are responsive to the Request, beyond documents in a personnel file, please indicate that clearly.

We do not feel that these discovery requests are overly broad, especially as now tailored. Further, your client has unreasonably made a blanket refusal to provide relevant responsive documents with no narrower class of responsive documents. We believe our requests to be within the scope of reasonable discovery and we will move to compel if we cannot work this out amicably.

Sincerely,

SHAWE & ROSENTHAL, LLP

*Patrick M. Pilachowski*
Patrick M. Pilachowski

*Traci L. Burch*
Traci L. Burch

PMP:cac
cc:    Gregg L. Bernstein, Esq. (via telecopier and U. S. Mail)
80930.1