NEAL & HARWELL, PLC
LAW OFFICES
150 FOURTH AVENUE, NORTH
SUITE 2000
NASHVILLE, TENNESSEE 37219-2498

TELEPHONE
(615) 244-1713

FACSIMILE
(615) 726-0573

JAMES F. NEAL
AUBREY B. HARWELL, JR.
JON D. ROSS
JAMES F. SANDERS
THOMAS H. DUNDON
RONALD G. HARRIS
ALBERT F. MOORE
PHILIP N. ELBERT
JAMES G. THOMAS
WILLIAM T. RAMSEY
JAMES R. KELLEY
MARC T. McNAMEE
GEORGE H. CATE, III
PHILIP D. IRWIN
A. SCOTT ROSS
GERALD D. NEENAN

AUBREY B. HARWELL, III
W. DAVID BRIDGERS
KENDRA E. SAMSON
MARK P. CHALOS
DAVID G. THOMPSON
CYNTHIA S. PARSON
KELTIE L. HAYS

OF COUNSEL
JOHN D. CLARKE
KENNETH M. JACKSON

Exhibit 2C

June 10, 2003

Patrick M. Pilachowski, Esq.
Traci L. Burch, Esq.
Shawe & Rosenthal, LLP
Sun Life Building
20 South Charles Street
Baltimore, MD 21201

VIA FAX # (410) 752-8861
AND U. S. MAIL

RE: F & G Life Insurance Co. v. CNA Financial Corporation, et al.
U. S. District Court for the District of Maryland, No. AMD-020CV-2317

Dear Pat and Traci:

This is a response to your June 5, 2003, letter which inquired about the status of a response to your May 22 letter. I only received your May 22 letter after I arrived in Baltimore on Monday, May 26 (the week of the arbitration). Preparing for and attending the arbitration all that week did, in fact, delay our response. (When discussing delays, it should be remembered that your May 22 letter was itself addressing issues I had raised in my April 4, 2003, letter and which concern our responses to discovery requests which we sent out March 7, 2003.)

Your characterization in the May 22 letter of the discovery requests at issue as "narrowly tailored" is absurd. The slight changes you have proposed do not solve the problems created by requests which still remain among the most overly broad, unduly burdensome and unnecessary that I have ever seen.

As to the over-breadth issue, you are still requesting a broad search for all documents "relating to" two CNA insurance products and several large marketing organizations whom, as you know, do business with CNA. The requests are not limited to any specific CNA employees or any department and ask that we search for documents covering two years. As previously stated, these requests as drafted would require production of all insurance applications, insurance policies, invoices, payments, inquiries, correspondence, memorandum, forms and simply everything "relating to" those two products and these MGAs be searched for and collected, regardless of who within CNA might have arguably responsive documents. I have no doubt that you would not be willing to search all of F&G's employees and files for all documents "relating

Patrick M. Pilachowski, Esq.
Traci L. Burch, Esq.
Page 2
June 10, 2003

to Home Certain" for these MGAs for this period (even though F&G has fewer employees and performs fewer administrative functions for its policies than CNA).

We also disagree with your assertion that we have not produced documents that are responsive to your requests. Because of the broad scope of these requests, they overlap with and are redundant with other requests to which we have responded by producing a significant amount of documents and information. What we "refuse" to do is conduct the additional unnecessary, burdensome and totally unfocused search that is called for by your overly broad requests for documents which have little, if any, relevance.

We have produced documents evidencing communications with certain CNA employees and the MGAs at issue. (Some of these documents are on your exhibit list.) We have produced CNA's actual agreements with these MGAs, which is something you were unwilling to do for F&G's agreements. We have produced documents detailing the number of applications for each MGA, the number of policies, the amounts paid each MGA and much other information. In short, you have received much information about these products and these MGAs. Your statements about lack of document production are simply not accurate.

The requests at issue are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Your proposed limitation which consists of dropping one calendar year (2003 documents are clearly not relevant) and limiting the number of MGAs (others have been added in a recent document request) does not cure the problems or focus in on what might arguably be relevant documents. Although you have stated F&G has "no obligation" to accept our view regarding the possibility of locating any relevant documents by such a broad search, you have not given any specifics regarding the documents you are interested in and have totally failed to demonstrate any relevance to this case for any such documents. Your general assertions of purported relevance ("relevant to the issues at hand" or simply reciting the restrictions in the Confidential Separation Agreement) do nothing to demonstrate the need for, or relevance of, the broad scope of the documents requested.

As regards your requests for "all documents related to the hiring" of certain individuals, we have inquired of the persons responsible for their hiring and have furnished the personnel files for those individuals. We believe we have furnished responsive documents. To the extent you are seeking to expand the interpretation of that request any further, you would indeed make the request overly broad and burdensome by seeking such a search with no more specific request. It would be difficult to be sure we have located every document that might meet such a broad interpretation of "relating to hiring."

In summary, we have been trying to work our discovery disputes out amicably. We cannot accede, however, to requests that are harassing, burdensome and unnecessary. Given the

Patrick M. Pilachowski, Esq.
Traci L. Burch, Esq.
Page 3
June 10, 2003

amount of information you already have received and the given manner in which the litigation and arbitration are being prosecuted, we now believe that one of the main purposes of this discovery is simply to harass the Defendants and make this exercise as burdensome as possible. We are also concerned that your client is also interested in obtaining information about CNA and its relationships with MGAs for other purposes. It has been reported to us that F&G representatives have confronted at least one MGA about the actual production numbers the MGA was doing with CNA. We believe this information came directly from information CNA produced in this litigation and any such use and disclosure would be a violation of the Confidentiality Agreement.

There is no legitimate purpose for F&G to continue to push your overly broad and unduly burdensome requests. You have all ready received much information which would fall within these broad requests. As regards your threats of a Motion to Compel, we believe our positions would be fully vindicated if you decide to file such a motion.

Sincerely,

NEAL & HARWELL, PLC

Ronald G. Harris

RGH/prd