IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. AMD-020CV-2317 ) |
| CNA FINANCIAL CORPORATION, CONTINENTAL ASSURANCE CO., VALLEY FORGE LIFE INSURANCE CO. and KENNETH D. KEATING, | ) ) ) ) ) |
| Defendants. | ) |

### RESPONSE OF CNA FINANCIAL CORPORATION, CONTINENTAL ASSURANCE CO. AND VALLEY FORGE LIFE INSURANCE CO. TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants, CNA Financial Corporation, Continental Assurance Co. and Valley Forge Life Insurance Co. respond to Plaintiff's Second Request for Production of Documents as follows:

### GENERAL OBJECTIONS

The following general objections are hereby incorporated into each of the responses to the specifically numbered document production requests below. Any response and/or specific objection is made without waiver of these general objections.

1. Defendants object to each document production request to the extent it seeks information or documents which are privileged pursuant to the attorney/client privilege or the attorney work product.

2. Defendants object to each document production request to the extent it seeks information that is irrelevant, not the subject of the instant controversy and not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to, those requests that seek confidential business information of the Defendants on matters which are unrelated to the issues in this lawsuit.

3. Defendants object to each and every document production request to the extent they are overly broad, unduly burdensome, and appear to request every document and electronic data which may contain the name and/or identity of every MGA, broker or agent with whom CNA may have done business. Such request would require Defendant to search literally thousands of documents and electronic data, and conceivably could include nearly every document or electronic data generated either by Mr. Keating or the corporate defendants.

4. Defendants object to each and every document production request to the extent it seeks to discover confidential and proprietary business information belonging to the Defendants or any related or affiliated company.

5. Defendants object to the instructions contained in the Plaintiff's Request for Production of Documents to the extent they attempt to impose obligations which are greater than or inconsistent with the requirements of the Federal Rules of Civil Procedure or any order of this Court.

6. Defendants further object to the requests to the extent that they call for the production of documents that would result in an unwarranted invasion of privacy or the disclosure of purely personal information of Defendant Keating or any of the Defendants' employees, insureds or any third persons.

7. In making these responses, Defendants do not concede that any of the documents produced or any of the information contained therein or in these responses is properly discoverable or admissible into evidence at trial. Accordingly, Defendant reserves the right to object to further discovery into the subject matter of each topic set forth in the document production requests and to object to the admissibility of any information provided pursuant to these responses.

8. The fact that Defendants have answered or objected to any request for production, or any part thereof, may not be taken as an admission that they accept or admit the existence of any facts set forth or assumed by the request. No implied admissions are intended by any of these responses.

## RESPONSES

1. All documents (including electronic communications as defined above) sent to or received from the following MGAs (or their representatives) in 2001, 2002 or 2003 relating to Maximizer or Maximizer Select.

    (1) Epic;

    (2) Affiliated Mortgage Protection;

    (3) The Life Store;

    (4) MV Group;

    (5) Ara Megerdechyan;

    (6) James Lehmann;

    (7) Dennis King;

    (8) Matt Goldberg;

(9) Tom Liscio;

(10) Dick Markarian;

(11) Dan Redfern; and

(12) Dwight Carter.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

2. All records pertaining to communications between CNA employees and any MGA selling Maximizer or Maximizer Select in 2001, 2002, or 2003, including, but not limited to notes, memos, or records of in-person meetings, telephone communications, logs, planners, scheduling books, e-mails, faxes, correspondence, and phone records.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

3. All documents relating to the hiring of Tony Wilkey, Ken Keating, Julie Hince, Amy Mullins, Sean Gibbons, Gary Burke.

**RESPONSE:** Defendants object to this request as overly broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Documents relating to the hiring of Gary Burke and Sean Gibbons have no relevance to this proceeding. Without waiving such objections or any of the General Objections, Defendants will provide documents relating to the hiring of the other individuals.

4. Documentation concerning all forms of money and compensation CNA tendered to Tony Wilkey and Kenneth Keating prior to, contemporaneous with, and after they were hired by CNA, including all salary, bonuses, incentives, signing bonuses, and every other item of value.

**RESPONSE:** Defendants object to this document request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection or any of the General Objections, Defendants will produce documents which contain information regarding compensation paid to Mr. Wilkey and Mr. Keating.

5. All documentation concerning CNA's start-up costs associated with its launch of the Maximizer and Maximizer Select products.

**RESPONSE:** Defendants object to this request as overly broad, vague, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection of any of the General Objections, Defendants will produce documents which contain information relative to this request.

6. All documents containing product development actuarial information for CNA's Maximizer and Maximizer Select products.

**RESPONSE:** Defendants object to this request as overly broad, vague, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection of any of the General Objections, Defendants will produce documents which contain information relative to this request.

7. With respect to all MGAs who sold CNA's Maximizer and/or Maximizer Select products in 2001, 2002 and/or 2003, documents reflecting these MGA's last priority activity evidencing sales of CNA products prior to their activity involving sales of Maximizer and Maximizer Select products.

**RESPONSE:** Defendants object to this request as overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection or any of the General Objections, Defendants will produce documents which represent prior activity of the MGAs which are at issue in this case.

8. Documentation reflecting CNA's profits on its Maximizer and Maximizer Select products in 2001, 2002, and 2003, as well as present discounted value of expected future profits on those years' sales.

**RESPONSE:** Without waiving any of the General Objections, Defendants will produce documents responsive to this request to the extent they exist.

9. Documentation concerning all MGA and other agent travel to Nashville in 2001 and 2002, where any such visit to CNA pertained in any way to discussions of the launch, sale, or other aspect of Maximizer or Maximizer Select.

**RESPONSE:** Defendants object to this request as overly broad, vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection or any of the General Objections, to the extent Plaintiff seeks documents regarding travel expenses for MGAs paid by CNA, Defendants are not aware of any documents responsive to this request.

10.   Travel expense reports, vouchers, and the like showing customer and/or client calls, visits, and other communications involving Wilkey, Keating and/or any other CNA representative on the one hand, and, on the other hand, any MGA listed in Exhibit 1 to the Wilkey Agreement with F&G Life. A copy is attached hereto for reference.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection or any of the General Objections, Defendants will produce documents which contain such information relative to MGAs who are at issue in this case.

11.   Documentation concerning all compensation and items of value CNA provided to the above-defined MGAs and/or agents in 2001, 2002 and 2003, including commissions, bonuses, overrides, loans, advances, trips, etc.

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objections or any of the General Objections, Defendants will produce documents which contain such information relative to MGAs who are at issue in this case.

12.   Documentation establishing the identity of CNA employees or representatives who have signed the consent form attached to the Stipulated Order Regarding Confidentiality of Discovery Material.

**RESPONSE:** Defendants object to this request as not reasonably calculated to lead to the discovery of admissible evidence.

13. Documentation pertaining to Defendants' experts consulted or hired in this litigation, including their CVs, all reports, and all information provided to each.

**RESPONSE:** Defendants object to this request to the extent it seeks privileged information such as information concerning any experts consulted by Defendants. Defendants will produce documents relating to any testifying expert in accordance with any applicable scheduling order. Defendants are unable to produce any expert witness information until such time as Plaintiff has made the required disclosures.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: _/s/ Ronald G. Harris_
Ronald G. Harris, # 9054
Aubrey B. Harwell, III, #17394

2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2498
(615) 244-1713 – Telephone
(615) 726-0573 – Facsimile

and

**MARTIN, SNYDER & BERNSTEIN, P.A.**
Gregg L. Bernstein
Thy Christine Pham
217 East Redwood Street, Suite 200
Baltimore, MD 21202
(410) 547-7163 – Telephone
(410) 547-1605 – Facsimile

*Counsel for Defendants CNA Financial Corporation; Continental Assurance Co., Valley Forge Life Insurance Co. and Kenneth D. Keating*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___7th___ day of March 2003, a true and exact copy of the foregoing Response of CNA Financial Corporation, Continental Assurance Co. and Valley Forge Life Insurance Co. to Plaintiff's Second Request for Production of Documents was send via Facsimile No. (410) 752-8861 and class mail, postage prepaid, to the following:

Stephen D. Shawe, Esq.
Patrick M. Pilachowski, Esq.
Shawe & Rosenthal, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD 21201

_____/s/ Ron Harris_____